NACE, administrator, *et al. v.* COOPER, ordinary, *et al.*

GILBERT, J. The act of the General Assembly approved August 19, 1913 (Georgia Laws 1913, p. 91 et seq.), provides, in so far as material to the issues of this case, as follows: "All property within the jurisdiction of this State, real and personal, and every estate and interest therein . . which shall pass on the death of a decedent by will or by the laws regulating descents and distributions, or by deed, grant, or gift, . . to any person or persons . . shall be subject to taxes, and shall pay the following tax to this State: 1. Upon a transfer taxable under this act, of property or any beneficial interest therein, of an amount in excess of the value of five thousand dollars, to any father, mother, husband, wife, child, brother, sister, wife or widow of a son, or any child or children adopted as such, in conformity with the laws of this State, of the decedent, grantor, donor, or vendor, or to any lineal descendant of such decedent, grantor, donor, or vendor, born in lawful wedlock, the tax shall be at the rate of one per cent. on any amount in excess of five thousand dollars. 2. Upon a transfer taxable under this act, of property or any beneficial interest therein, of any amount to any person or corporation, or association other than those enumerated in paragraph one of this section, the tax shall be at the rate of five per cent." The plaintiff in error in this case is a nephew of the decedent. *Held*, that a nephew is not included among those enumerated in subparagraph 1, quoted above, where the tax shall be at the rate of one per cent. on any amount in excess of five thousand dollars. Subparagraph 2, quoted above, specifically provides that the tax on any amount due any person or corporation or association other than those enumerated in subparagraph 1, shall be at the rate of five per cent. The court did not err, therefore, in construing the law above quoted and in holding that that portion of the estate of the decedent which passed to the plaintiff in error, a nephew, was taxable at the rate of five per cent., without any exemption.

*Judgment affirmed. All the Justices concur.*

No. 3313. JANUARY 17, 1923.

Equitable petition. Before Judge Thomas. Colquitt superior court. June 19, 1922.

E. S. Nace died intestate on November 6, 1918, leaving no widow, and no child or children or descendant or representative thereof. His only heirs at law were his brother, W. W. Nace, his sister, May Nace Doyle, and his nephew, Ben M. Goldsmith, the latter being the only child and sole heir of his mother, Mrs. Georgia Goldsmith, who was a sister of E. S. Nace, and who preceded him in death. The deceased left an estate of the appraised net value of $49,862.97, which, under the laws of this State regulating descents and distribution, passed and descended to said heirs in

equal amounts, or values of $16,620.99, and which was subject to the inheritance tax then of force in this State, i. e., the inheritance tax imposed by an act of the General Assembly of Georgia, approved August 19, 1913. Ga. L. 1913, p. 91 et seq. The ordinary of the county, pursuant to said act, after the appraisement of the value of the estate and of the distributive share of each heir, determined and accordingly calculated that W. W. Nace and May Nace Doyle, being the brother and sister, respectively, of the deceased, the transfers or successions of their respective shares were subject to the tax and entitled to the exemptions provided in subparagraph 1 of section 1 of the act of 1913, and that each of them was liable for the payment of a tax of $116.21, besides interest; but that the plaintiff, Goldsmith, being a nephew of the deceased, although he stood in the place of and represented his mother, a sister of the deceased, and inherited, not in his own right, but by virtue of his representing her, was not entitled to be classified under subparagraph 1 of section 1 of said act, nor subject to the tax therein imposed, nor entitled to the exemptions therein allowed, but that the transfer to him or his succession to said property was subject to the tax fixed in subparagraph 2 of section 1, without any exemption whatever, and the amount of tax due by him was $831.05 besides interest. There is no dispute as to facts; only a question of law is presented. Plaintiffs in error contend, that the inheritance-tax statute is in pari materia with the statute of descents and distributions, and with the rules of inheritance, and must be construed with especial reference thereto; that a nephew, under such statutes and rules in this State, is not an heir, and does not inherit property in his own right, as a nephew; but it is only when, by virtue of the death of his parent, who would have been entitled to inherit had said parent been living, the nephew represents and stands in the place of his deceased parent, that he inherits property, and in this case he does not take in his own right, but as representing his parent deceased; that it was the object and purpose of the inheritance-tax act to place in subparagraph 1, in addition to the others therein enumerated, all heirs of the first and second degrees, and that Goldsmith, since the death of his mother, the sister of the intestate, who preceded him in death, represents and stands in the place of his deceased parent as an heir of the second degree, and takes the property in the same manner and

extent, and to the same degree as his mother could have taken had she been living; that he is entitled to receive the transfer of said property free from any taxes that would not have been imposed upon his mother, had the property passed directly to her in life; and that there is a difference between a nephew who inherits, not in his own right, but by virtue of standing in the place of and representing a deceased parent, on the one hand, and a nephew who takes property under a will or deed.

*Hill & Gibson,* for plaintiffs. *H. J. Fullbright,* for defendants.